UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD A. REHKOPF,

    Petitioner,

v.

Case No. 1:09-cv-116
Hon. Robert J. Jonker

MARY BERGHUIS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner is a former prisoner of the Michigan Department of Corrections (MDOC).[1] While incarcerated, he filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254.

    **I.**    **Background**

On September 12, 2005, petitioner was found guilty of Fourth Degree Criminal Sexual Conduct, M.C.L. § 750.520e(1)(g). *People v. Rehkopf*, 49th Cir. Ct. Case No. 05-003812-FC-K (Amended Judgment of Sentence Jan. 25, 2008) (docket no. 22). On November 21, 2005, the court sentenced petitioner to nine months in jail, followed by six months on tether, and he was "placed on probation for a period of five years." Sent. Trans. at p. 8 (docket no. 15); Order of Probation (docket no. 22). On May 22, 2006, petitioner pled guilty to a probation violation and his time on tether was extended by 30 days. Probation Violation Plea and Sent. Trans. at pp. 9-13 (docket no. 17).

---

[1] MDOC records reflect that petitioner was discharged from custody (and probation) on March 31, 2009, a few weeks after filing this habeas action. *See* MDOC's Offender Tracking Information System (OTIS), available at www.michigan.gov/corrections.

The present dispute involves subsequent probation violations, specifically, violations of Condition 10 of the Order of Probation, which provided that:

> You must not have verbal, written, electronic, or physical contact with any child age 16 or under or attempt to do so either directly of through another person, unless you are with an adult responsible for that child and approved by the field agent.

Order of Probation (Condition 10). In November 2007, petitioner was charged with two violations of Condition 10, because he contacted two minor children, MN[2] (Count I) and EM (Count II). *See* Probation Violation Arraignment (Nov. 30, 2007) (docket no. 25); Probation Violation Hear. Trans. (Dec. 21, 2007) (docket no. 19). After a hearing, the court found that petitioner was not guilty as to MN, but guilty as to EM. Probation Violation Hear. Trans. at pp. 50-51 (docket no. 19). At his sentencing, the judge characterized petitioner as a predator, pedophile and manipulator, who "continue[d] to try to be around young children." Sent. Trans. at pp. 11-12 (Jan. 18, 2008) (docket no. 20). The judge found substantial and compelling reasons to depart from the sentencing guidelines, and sentenced petitioner to a term of 16 to 24 months imprisonment. *Id.*; Amend. Judgment of Sent. (Jan. 25, 2008) (docket no. 22).

Petitioner, through his attorney, filed a delayed application for leave to appeal the probation revocation raising the following issues:

> I.   [Petitioner's] probation violation conviction must be vacated because the prosecution presented constitutionally insufficient evidence that [petitioner] attempted or did have verbal or physical contact with a child sixteen-years-old or younger.
>
> II.  The trial court abused its discretion when it departed from the recommended guidelines range, in part because [petitioner] was a "manipulator." Being a

---

[2] It is unnecessary for the court to set forth the complete names of these two minor children.

> "manipulator" is not an objective and verifiable departure reason, and [petitioner] must be resentenced.

*People v. Rehkopf*, No. 285310 (Mich. App.) (Delayed application for leave to appeal) (docket no. 21). The Michigan Court of Appeals denied the delayed application for leave to appeal for lack of merit in the grounds presented. *Id.* (Order June 12, 2008). Petitioner raised the same two issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied because it "was not persuaded that the questions presented should be reviewed by this Court." *People v. Rehkopf*, No. 136848 (Mich. Sept. 22, 2008) (docket no. 22).

On February 11, 2009, Rehkopf filed a habeas petition in this court pursuant to 28 U.S.C. §2254. *See* Petition (docket no. 1). His petition, as amended, raised two issues:

> I.  No evidence was presented to support a probation violation.
>
>     No testimony or factual evidence was brought forth to show or justify the court[']s ruling that petitioner was manipulating the system.
>
> II. The trial court abused its discretion and gave no substantial and compelling reasons for departing from the statutory sentencing guidelines.
>
>     In assessing the facts, the court abused its discretion by arriving at conclusions for actions not even raised by the prosecutor to justify a prison sentence in this matter.

Amend Pet. (docket no. 5).

### II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in

federal court, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, -- F.3d --, 2011 WL 3903439 at *5 (6th Cir. Sept. 7, 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme

Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

Finally, a determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Discussion

#### A. Mootness issue

Petitioner is no longer in MDOC custody. His discharge from custody raises an issue of mootness. Petitioner does not dispute the validity of his original conviction for Fourth Degree Criminal Sexual Conduct or his sentence for that crime. Rather, petitioner contends that the court improperly revoked his probation in 2008 and that the trial court abused its discretion in sentencing him to 12 to 16 months imprisonment for that violation. Petitioner is no longer subject to the term of imprisonment imposed as a result of his probation violation, nor is he subject to probation, and has apparently not been since shortly after he filed this petition. *See* FN 1, *supra*.

Once a habeas petitioner is no longer in custody, the court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The relevant inquiry for the court is whether petitioner can demonstrate the existence of

collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration," that can be redressed by granting the habeas petition. *See id.* 7-8. Petitioner has not demonstrated any "collateral consequences" arising from his probation revocation sufficient to meet Article III's case or controversy requirement. *See, e.g.*, *Douglas v. Quartermain*, No. 3:08-cv-0529-N, 2008 WL 5028455 (N.D. Tex. Nov. 21, 2008) (noting no meaningful distinction for mootness analysis between an expired parole revocation sentence, which the Supreme Court determined had no collateral consequences in *Spencer*, 523 U.S. 1, and an expired probation revocation sentence). Accordingly, this habeas action should be dismissed as moot. However, because neither party addressed this issue, the court will, in the alternative, review the merits of petitioner's habeas claims.

### B. Probation violation

Petitioner contends that the trial judge improperly convicted him of violating Probation Condition 10. In his state appeal, petitioner raised a federal due process violation, claiming that there was insufficient evidence that he "attempted or did have verbal or physical contact with a child" in violation of that condition. *See* Application for leave to appeal (docket no. 22). Petitioner relied on *In re Winship*, 397 U.S. 358 (1970), in which the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364.

### 1. Petitioner's claim that the state judge improperly construed Probation Condition 10 is a matter of state law not subject to federal habeas review

Although petitioner characterizes this issue as a sufficiency of the evidence claim, he actually seeks to have this court overrule the trial judge's interpretation of Probation Condition 10 and determine that petitioner's interaction with EM did not constitute "contact" within the

meaning of that condition, which prohibited petitioner from "verbal, written, electronic, or physical contact with any child age 16 or under or attempt to do so either directly of through another person, unless you are with an adult responsible for that child and approved by the field agent."[3] Specifically, petitioner challenged the trial court's decision on the ground that his conduct did not involve "contact" as that word is typically defined in Websters New World Dictionary (2nd Ed.). *See* Application for leave to appeal at p. 5 (docket no. 22). Petitioner's claim of insufficient evidence "does not invite federal habeas courts to engage in a substantive analysis of state statutory terms" or "transform[] federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner cannot seek federal habeas relief based upon his disagreement with a state court's construction of a state statute. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue a writ on the basis of a perceived error of state law"). Similarly, petitioner cannot seek federal habeas relief based upon his disagreement with the state court's construction of state-issued probation conditions, which essentially held that sitting in close proximity to the child while the child was playing constituted "contact." The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Accordingly, petitioner's claim that the trial judge improperly construed Probation Condition 10 is a matter of state law that is not cognizable on federal habeas review.

---

[3] The nature of the contact is discussed more fully in section I.B.2., *infra.*

### 2. The prosecutor established the probation violation

In addition, petitioner's reliance on a due process violation *Winship* is in error, because this is not an original criminal prosecution requiring that the government establish guilt beyond a reasonable doubt. "A sentence of probation is an alternative to confining a defendant in jail or prison and is granted as a matter of grace in lieu of incarceration." *People v. Johnson*, 210 Mich. App. 630, 633, 534 N.W.2d 255 (1995). Under Michigan law, "[a] revocation proceeding has two steps: (1) a factual determination that the violations charged in the notice have occurred; and (2) a discretionary determination that the proven charges warrant revoking probation." *People v. Taylor*, 104 Mich.App 514, 516; 305 NW2d 251 (1981); M.C.L. § 771.4. While probation revocation involves a loss of liberty, "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). As a result, the Supreme Court has determined that a probationer facing revocation is subject to the same minimum requirements of due process as provided to a parolee facing revocation under *Morrissey v. Brewer*, 408 U.S. 471. *Id.* at 786. These minimum requirements are:

> '(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'

*Id.,* quoting *Morrissey*, 408 U.S. at 489. *See also, Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 775 (6th Cir. 2008) (due process rights in probation revocation hearings and parole revocation hearings are "constitutionally indistinguishable"), citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 3 (1973).

Unlike a criminal prosecution, the prosecutor's burden of proof in a probation revocation is not proof that the defendant violated the terms of his probation "beyond a reasonable doubt," but rather proof "that the defendant violated the terms of his probation by a preponderance of the evidence." *People v. Ison*, 132 Mich. App 61, 66; 346 NW2d 894 (1984). Thus, "evidence is sufficient to sustain a conviction of probation violation if, viewed in the light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the charge were proven by a preponderance of the evidence." *Id.* at 66. A preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *In re Winship*, 397 U.S. 358, 371-372 (Harlan, J. concurring) (internal quotation marks omitted). *See generally*, *United States v. Knights*, 534 U.S. 112, 120 (2001) ("probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply"); *United States v. Robinson*, 893 F.2d 1244, 1245 (11th Cir. 1990) ("[i]n a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required").

Because the government was not required to establish the probation revocation under the standard announced in *Winship* (i.e., "beyond a reasonable doubt"), petitioner's due process argument under *Winship* fails. The appropriate standard is whether the prosecution met its burden by a preponderance of the evidence. *See Ison*, 132 Mich. App. at 66. Based on a review of the court

9

record, the prosecution met this burden. It is undisputed that EM was a minor under the age of 16. EM's mother testified that while petitioner did not have physical contact with EM, i.e., "[l]ike actually playing with her," petitioner "was in the household on a regular basis." Probation Violation Hear. Trans. at pp. 16-17. EM's mother testified that EM was present in the household when petitioner visited in April, May and June of 2007. *Id.* at p. 17. EM's mother further testified that petitioner was "around [EM] when she was playing outside," with EM in the playbox about three feet from where petitioner would sit in the driveway. *Id.* at p. 20. Petitioner's probation agent, Ms. Nancy Ann Youngs, testified that she did not give petitioner permission to have contact with the minor, EM. *Id.* at p. 45. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the essential elements of the charge were proven by a preponderance of the evidence. Accordingly, petitioner's claim should be denied.[4]

### C. Departure from state sentencing guidelines

Finally, petitioner contends that the trial judge abused his discretion in departing from the recommended sentencing guidelines range for the probation revocation, because the state judge referred to petitioner as a "manipulator." The state's computation of a petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, No. 02-1742, 2003 WL 21130033 at *1 (6th Cir. May 14, 2003), *citing Estelle*, 502 U.S. at 68. *See also, Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect

---

[4] The court notes that the trial court found the testimony of EM's mother as "pretty compelling that [petitioner] did go to her house" and "did have contact with [EM]." Probation Violation Hear. Trans. at p. 51. Although the standard of proof for a probation violation in Michigan is preponderance of the evidence, the state trial judge found that petitioner violated Probation Condition 10 "beyond a reasonable doubt." *Id.* at p. 51.

to sentencing is not subject to federal habeas relief). Accordingly, petitioner's claim should be denied.

### IV. Recommendation

I respectfully recommend that this habeas petition be **DENIED** as moot. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

In the alternative, I respectfully recommend that this habeas petition be **DENIED** on the merits, Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: October 27, 2011                /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).